IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
**Greenbelt Division**

| | |
|---|---|
| ARTHUR GREEN, JR.<br>11206 BEL AIRE COURT<br>WALDORF, MD 20603 | :<br>:<br>:<br>: |
| PLAINTIFF, | :<br>: |
| V. | :<br>: |
| RONJE WILLIAM BAPTIST PERARD<br>6006 GOODFELLOW DRIVE<br>SUITLAND, MD 20746 | :<br>:<br>:<br>: |
| AND | :<br>: |
| RYDER TRUCK RENTAL, INC.<br>11690 N.W. 105TH STREET - 4W<br>MIAMI, FL 33178<br>SERVE ON:<br>CORPORATE CREATIONS NETWORK, INC.:<br>2 WISCONSIN CIRCLE, #700<br>CHEVY CHASE, MD 20815 | :<br>:<br>:<br>:<br>:<br>:<br>: |
| AND | :<br>: |
| UNITED STATES OF AMERICA<br>900 BRENTWOOD ROAD, N.E.<br>WASHINGTON, DC 20066 | :<br>:<br>:<br>: |
| AND | :<br>: |
| LUIS ALBERTO MOLINA, JR.<br>8803 ARDWICK ARDMORE RD.<br>HYATTSVILLE, MD 20785 | :<br>:<br>:<br>: |
| AND | :<br>: |
| OLVIN FRANCISCO SORTO CABRERA<br>8513A GREENBELT RD., APT T2<br>GREENBELT, MD 20770 | :<br>:<br>:<br>: |
| DEFENDANTS. | : |

**COMPLAINT**

1

## I. INTRODUCTION

ARTHUR GREEN, JR. ("Mr. Green") through counsel, Ashley E. Strandjord, Benjamin T. Boscolo, and **CHASEN**BOSCOLO Injury Lawyers, brings this cause of action against Defendants, Ronje William Baptist Perard, Ryder Truck Rentals, Inc., the United States of America, Luis Alberto Molina, Jr., and Olvin Francisco Sorto Cabrera, (collectively hereinafter "Defendants"), jointly and severally, for damages resulting from negligent operation of a motor vehicle, agency, negligent entrustment, and negligent hiring, training, and supervision.

## II. JURISDICTION AND VENUE

1. Mr. Green brings this action against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b).

2. Mr. Green has exhausted his claims by filing the required forms with the United States Postal Service.  See, **Exhibit A**.

3. Mr. Green has not received a denial or acceptance letter from the United States Postal Service after six (6) months[1].

4. This Court has subject matter jurisdiction over this action and is based on 28 U.S.C. §1346(b).

5. The acts or omissions giving rise to this claim occurred in the District of Maryland. Venue is therefore proper under 28 U.S.C. §1402(b).

## III. PARTIES

6. Plaintiff, Arthur Green, Jr. (hereinafter "Mr. Green"), is an adult male resident of Waldorf, Charles County, Maryland.

7. Upon information and belief, Defendant Ronje William Baptist Perard  (hereinafter "Defendant Perard") is an adult male resident of Suitland, Prince George's County, Maryland.

---

[1] Mr. Green received a letter dated October 30, 2023 from the United States Post Office in response to his SF-95, seeking information which was previously incorporated in the SF-95 demand package.  No further communications have been received by the United States Post Office in response to Mr. Green's claim.

8. Upon information and belief, Defendant Ryder Truck Rental, Inc. (hereinafter "Defendant Ryder Truck") is a business entity that does business in and around the State of Maryland.

9. Defendant United States of America (hereinafter "Defendant United States") is sued for Mr. Green's personal injuries caused by the negligent or wrongful acts or omissions of its employees. Defendant United States' employee and/or independent contractor was acting within the scope of its office or employment under circumstances where the United States, if a private person, would be liable to Mr. Green in accordance with the laws of the State of Maryland. 28 U.S.C. §1346(b).

10. Upon information and belief, Defendant Luis Alberto Molina, Jr. (hereinafter "Defendant Molina") is an adult male resident of Hyattsville, Prince George's County, Maryland.

11. Upon information and belief, Defendant Olvin Francisco Sorto Cabrera (hereinafter "Defendant Cabrera") is an adult male resident of Greenbelt, Prince George's County, Maryland.

## IV.  **STATEMENT OF FACTS**

12. On December 6, 2021, Mr. Green is driving westbound on Interstate-495 near Maryland Route 97 in Montgomery County, Maryland.

13. At the same time and place, Defendant Perard is westbound on Interstate-495 near Maryland Route 97 in Montgomery County, Maryland when he makes an unsafe lane change causing a collision with Mr. Green's vehicle.

14. At the same time and place, Defendant Perard is operating a vehicle owned by Defendant Ryder Truck.

15. At the same time and place, Defendant Perard was operating the vehicle with Defendant Ryder Truck's consent and permission and/or instruction. As such, Defendant Perard was at all times relevant to this incident acting as an agent of Defendant Ryder Truck.

16. At the same time and place, Defendant Perard is operating a vehicle leased by Defendant United States from Defendant Ryder Truck.

17. At the same time and place, Defendant Perard was operating the vehicle with Defendant United States' consent and permission and/or instruction. As such, Defendant Perard was at all times relevant to this incident acting as an agent of Defendant United States.

18. At the time of the crash, it was the duty of Defendant Perard to operate his vehicle in a safe and reasonable manner for the conditions. This duty included, but was not limited to, paying full time and attention while operating his motor vehicle.

19. It is the duty of Defendant Perard to observe all traffic safety rules.

20. It is the duty of Defendant Perard to react to changing conditions on the road to prevent serious harm or death to others.

21. It is the duty of Defendant Perard to watch the road while driving to prevent serious harm or death to others.

22. It is the duty of Defendant Perard to drive at a speed that would allow him to safely apply his brakes to prevent serious harm or death to others.

23. It is the duty of Defendant Perard to pay full time and attention to the operation of his motor vehicle to prevent serious harm or death to others.

24. It is the duty of Defendant Perard to yield the right of way to others on the road to prevent serious harm or death to others.

25. Defendant Perard breached his duty by failing to observe all vehicular safety rules then and there in effect.

26. Defendant Perard breached his duty by failing to react to changing conditions on the road to serious harm or death to others.

27. Defendant Perard breached his duty by failing to drive at a speed that would allow him to safely apply his brakes to prevent serious harm or death to others.

28. Defendant Perard breached his duty by failing to pay full time and attention to the operation of his motor vehicle to prevent serious harm or death to others.

29. Defendant Perard breached his duty by failing to yield the right of way to others on the road to prevent serious harm or death to others.

30. It is the duty of Defendant Molina to observe all traffic safety rules.

31. It is the duty of Defendant Molina to react to changing conditions on the road to prevent serious harm or death to others.

32. It is the duty of Defendant Molina to watch the road while driving to prevent serious harm or death to others.

33. It is the duty of Defendant Molina to drive at a speed that would allow him to safely apply his brakes to prevent serious harm or death to others.

34. It is the duty of Defendant Molina to pay full time and attention to the operation of his motor vehicle to prevent serious harm or death to others.

35. It is the duty of Defendant Molina to yield the right of way to others on the road to prevent serious harm or death to others.

36. Defendant Molina breached his duty by failing to observe all vehicular safety rules then and there in effect.

37. Defendant Molina breached his duty by failing to react to changing conditions on the road to serious harm or death to others.

38. Defendant Molina breached his duty by failing to drive at a speed that would allow him to safely apply his brakes to prevent serious harm or death to others.

39. Defendant Molina breached his duty by failing to pay full time and attention to the operation of his motor vehicle to prevent serious harm or death to others.

40. Defendant Molina breached his duty by failing to yield the right of way to others on the road to prevent serious harm or death to others.

41. It is the duty of Defendant Cabrera to observe all traffic safety rules.

42. It is the duty of Defendant Cabrera to react to changing conditions on the road to prevent serious harm or death to others.

43. It is the duty of Defendant Cabrera to watch the road while driving to prevent serious harm or death to others.

44. It is the duty of Defendant Cabrera to drive at a speed that would allow him to safely apply his brakes to prevent serious harm or death to others.

45. It is the duty of Defendant Cabrera to pay full time and attention to the operation of his motor vehicle to prevent serious harm or death to others.

46. It is the duty of Defendant Cabrera to yield the right of way to others on the road to prevent serious harm or death to others.

47. Defendant Cabrera breached his duty by failing to observe all vehicular safety rules then and there in effect.

48. Defendant Cabrera breached his duty by failing to react to changing conditions on the road to serious harm or death to others.

49. Defendant Cabrera breached his duty by failing to drive at a speed that would allow him to safely apply his brakes to prevent serious harm or death to others.

50. Defendant Cabrera breached his duty by failing to pay full time and attention to the operation of his motor vehicle to prevent serious harm or death to others.

51. Defendant Cabrera breached his duty by failing to yield the right of way to others on the road to prevent serious harm or death to others.

52. When Defendant Ryder Truck permitted Defendant Perard to operate its vehicle, it had a duty to refrain from placing a dangerous instrumentality in the custody of an individual who it knew or should have known would not handle the dangerous instrumentality consistent with the vehicular safety rules then and there in effect.

53. Defendant Ryder Truck breached these duties when it entrusted its vehicle to Defendant Perard who it knew, or should have known, would not handle the vehicle consistent with the vehicular safety rules then and there in effect and would endanger other vehicles on the road.  Defendant Perard endangered other vehicles on the road when he failed to operate his vehicle consistent with the vehicular safety rules then and there in effect.

54. When Defendant Ryder Truck hired and permitted Defendant Perard to operate its vehicle, it had a duty to make sure he was a safe, qualified driver.

55. When Defendant Ryder Truck permitted Defendant Perard to operate its vehicle it had a duty to investigate his past driving history.

56. When Defendant Ryder Truck permitted Defendant Perard to operate its vehicle it had a duty to train him to ensure he was driving in a safe manner.

57. When Defendant Ryder Truck permitted Defendant Perard to operate its vehicle it had a duty to supervise him to ensure he was driving in a safe manner.

58. Defendant Ryder Truck breached this duty when it chose to hire Defendant Perard to operate its vehicle without making sure he was a safe, qualified driver.

59. Defendant Ryder Truck breached this duty when it chose to hire Defendant Perard to operate its vehicle without investigating his past driving history.

60. Defendant Ryder Truck breached this duty when it allowed Defendant Perard to operate its vehicle without training him to ensure he was driving in a safe manner.

61. Defendant Ryder Truck and breached this duty when it allowed Defendant Perard to operate its vehicle without supervising him to ensure he was driving in a safe manner.

62. When Defendant United States permitted Defendant Perard to operate its vehicle, it had a duty to refrain from placing a dangerous instrumentality in the custody of an individual who it knew or should have known would not handle the dangerous instrumentality consistent with the vehicular safety rules then and there in effect.

63. Defendant United States breached these duties when it entrusted its vehicle to Defendant Perard who it knew, or should have known, would not handle the vehicle consistent with the vehicular safety rules then and there in effect. Defendant Perard failed to operate Defendant USPS' vehicle consistent with the vehicular safety rules then and there in effect.

64. When Defendant United States hired as an employee and/or independent contractor, and permitted Defendant Perard to operate its vehicle, it had a duty to make sure he was a safe, qualified driver.

65. When Defendant United States permitted Defendant Perard to operate its vehicle it had a duty to investigate his past driving history.

66. When Defendant United States permitted Defendant Perard to operate its vehicle it had a duty to train him to ensure he was driving in a safe manner.

67. When Defendant United States permitted Defendant Perard to operate its vehicle it had a duty to supervise him to ensure he was driving in a safe manner.

68. Defendant United States breached this duty when it chose to hire Defendant Perard to operate its vehicle without making sure he was a safe, qualified driver.

69. Defendant United States breached this duty when it chose to hire Defendant Perard to operate its vehicle without investigating his past driving history.

70. Defendant United States breached this duty when it allowed Defendant Perard to operate its vehicle without training him to ensure he was driving in a safe manner.

71. Defendant United States and breached this duty when it allowed Defendant Perard to operate its vehicle without supervising him to ensure he was driving in a safe manner.

72. As a direct and proximate result of the Defendants' joint and several negligence, Mr. Green sustained severe, permanent, and uncompensated damages. These damages include past, present, and future pain, suffering, immobility, humiliation, isolation, and disfigurement. These damages caused and continue to cause Mr. Green to expend great sums of money for hospitals, physicians, and related care and treatment.  Mr. Green suffered and continues to suffer from mental and emotional damages, including isolation, loss of mobility, anger, humiliation, fright and anguish.  Further, Mr. Green lost and will continue to lose wages and business opportunities.

73. Mr. Green neither contributed to the negligence which caused this collision nor assumed the risk of the injuries sustained.

## V. <u>STATEMENT OF CLAIMS</u>

<u>COUNT I</u>
(Negligence – Green v. Defendant Perard)

74. Mr. Green incorporates the allegations of paragraphs 1 through 73 above and, in addition, avers that Defendant Perard's violation of safety rules in the operation of his motor vehicle caused harm to him, thus justifying an award of monetary damages.

<u>COUNT II</u>
(Negligence – Green v. Defendant Ryder Truck)

75. Mr. Green incorporates the allegations of paragraphs 1 through 74 above and, in addition, avers that Defendant Ryder Truck's violation of safety rules in the operation of his motor vehicle caused harm to him, thus justifying an award of monetary damages.

<u>COUNT III</u>
(Agency - Green v. Defendant Ryder Truck)

76. Mr. Green incorporates the allegations of paragraphs 1 through 75 above and, in addition, avers that Defendant Ryder Truck is vicariously liable for its agent's violation of the safety rules in the operation of its motor vehicle which caused harm to Mr. Green, thus justifying an award allowing money damages.

<u>COUNT IV</u>
(Negligent Entrustment - Green v. Defendant Perard)

77. Mr. Green, incorporates the allegations of paragraphs 1 through 76 above and, in addition, avers that Defendant Ryder Truck broke the safety rules governing supervising, and investigating drivers who operate its motor vehicles and constitutes a failure to be reasonably careful allowing monetary damages.

<u>COUNT V</u>

(Negligent Hiring, Training and Supervision - Green v. Defendant Ryder Truck)

78. Mr. Green, incorporates the allegations of paragraphs 1 through 77 above and, in

addition, avers that Defendant Ryder Truck broke the safety rules governing hiring, training, supervising, and investigating drivers who operate its motor vehicles and constitutes a failure to be reasonably careful allowing monetary damages.

## COUNT VI
(Negligence – Green v. Defendant United States)

79. Mr. Green, incorporates the allegations of paragraphs 1 through 78 above and, in addition, avers that Defendant USPS' violation of safety rules in the operation of its motor vehicle caused harm to him, thus justifying an award of monetary damages.

## COUNT VII
(Negligent Entrustment – Green v. Defendant United States)

80. Mr. Green incorporates the allegations of paragraphs 1 through 79 above and, in addition, avers that Defendant United States broke the safety rules governing supervising, and investigating drivers who operate its motor vehicles and constitutes negligent entrustment, allowing monetary damages.

## COUNT VIII
(Negligent Hiring, Training and Supervision – Green v. Defendant United States)

81. Mr. Green, incorporates the allegations of paragraphs 1 through 80 above and, in addition, avers that Defendant United States broke the safety rules governing hiring, training, supervising, and investigating drivers who operate its motor vehicles and constitutes negligent hiring, training, and supervision, allowing monetary damages.

## COUNT X
(Negligence – Green v. Defendant Molina)

82. Mr. Green, incorporates the allegations of paragraphs 1 through 81 above and, in addition, avers that Defendant Molina violation of safety rules in the operation of his motor vehicle caused harm to him, thus justifying an award of monetary damages.

## COUNT XI
(Negligence – Green v. Defendant Cabrera)

83. Mr. Green, incorporates the allegations of paragraphs 1 through 82 above and, in addition,

avers that Defendant Cabrera violation of safety rules in the operation of his motor vehicle caused harm to him, thus justifying an award of monetary damages.

### CLAIM FOR RELIEF

WHEREFORE, **ARTHUR GREEN, JR.**, demands judgment against the Defendants, **Ronje William Baptist Perard, Ryder Truck Rental, Inc., United States of America, Luis Alberto Molina, Jr., and Olvin Francisco Sorto Cabrera**, jointly and severally, and that damages be awarded in an amount equal to past medical expenses, and past, present, and future pain and suffering for ONE MILLION ONE THOUSAND TWO HUNDRED FIFTY-SIX DOLLARS AND THIRTEEN CENTS ($1,001.256.13), and that Mr. Arthur Green, Jr. receives interest from the date of the incident described herein, costs of this suit and further relief as this Court deems proper.

Respectfully submitted,

**CHASEN**BOSCOLO INJURY LAWYERS

By:    */s/ Ashley E. Strandjord*
        Ashley E. Strandjord (Bar No.: 21238)
        AStrandjord@chasenboscolo.com
        7852 Walker Drive, Suite 300
        Greenbelt, Maryland  20770
        (301) 220-0050
        Fax (301) 474-1230